FILED
2024 Dec-20  PM 02:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **JACOB JEROME KIMBERLY, in his Capacity as Administrator of the Estate of the ANGELA KAREN LANGLEY KIMBERLY, Deceased**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**CITY OF BIRMINGHAM, ALABAMA**<br>**MAYOR RANDALL WOODFIN**<br>**CHIEF SCOTT R. THURMOND**<br>**FRANK ALEXANDER, II, JAIL COMMANDER**<br>**DEPUTY JAIL COMMANDER**<br>**SGT STACEY LEE-JONES**<br>**CO LATRINA PAYNE**<br>**CO CRAWFORD**<br>**CO DIAL**<br>**CORPORATE MEDICAL PROVIDER**<br>**JAIL PHYSICIAN**<br>**JAIL LPN DEBORAH ODEN**<br>**JAIL NP-BC**<br><br>    **Defendants.** | **CASE NO.:**<br><br>**JURY TRIAL REQUEST** |

---

## COMPLAINT

---

COMES NOW the Plaintiff, JACOB JEROME KIMBERLY, as personal representative of the Estate of Angela Karen Langley Kimberly, Deceased, and files his Complaint, and would show unto the Court the following, to wit:

## The Parties

1.      At all times material hereto, Plaintiff's decedent, Angela Karen Langley Kimberly, hereinafter "Ms. Kimberly," was incarcerated into the City of Birmingham jail as a pretrial detainee and suffered violations to her 14th Amendment constitutional rights against denial or delay of emergency medical care.

2.      Defendant City of Birmingham, Alabama, hereinafter "Birmingham" is an Alabama municipality organized and existing under the laws of the State of Alabama. Birmingham is responsible for funding the city jail and police department in Birmingham, Alabama, including providing adequate funding for medical care, emergency medical and hospital care for individuals in custody at the Birmingham city jail awaiting trial.

3.      Defendant Randall Woodfin (hereinafter "Woodfin") was the Mayor of the City of Birmingham and along with Thurmond were policymakers and responsible for management of the Birmingham city jail facility including but not limited to the funding, the making and enforcing policy and procedures, training of correction officers, and confinement of inmates. Defendant Woodfin, along with Thurmond and their jail staff and corrections officers under their supervision, among other things, have a statutory duty under Alabama law and federal law, to keep inmates safe and secure, and to provide adequate medical treatment including

emergency medical treatment to inmates in custody at the Birmingham city jail. He is sued in his individual capacity.

4.     Defendant Scott R. Thurman (hereinafter "Thurman") served as the Chief of Police of the Birmingham Police Department and as policy makers, were jointly responsible with Defendants Birmingham, Woodfin, and Alexander for policies and procedures at the Birmingham city jail facility at all relevant times. Defendant Thurman, along with Thurmond and their jail staff and corrections officers under their supervision, among other things, have a statutory duty under Alabama law and federal law to keep individuals incarcerated at the Birmingham city jail safe and secure, and to provide emergency medical and hospitalization to said individuals suffering from a serious medical need. He is sued in his individual capacity.

5.     Defendant Frank Alexander II (hereinafter "Alexander"), and Defendant Deputy Jail Commander, (hereinafter "DJC"), at all times were employed by Birmingham as the Jail Commander, and Deputy Jail Commander at the Birmingham city jail facility and among other things were responsible for implementing the policies and procedures of the Birmingham city jail for the care, custody, and control of inmates at all relevant times. Defendants Alexander and DJC among other things, have a statutory duty under Alabama law and federal law to keep individuals incarcerated at the Birmingham city jail safe and secure, and to

provide emergency medical and hospitalization to said individuals suffering from a serious medical need. They are sued in their individual capacities.

6.     Defendants SGT Stacey Lee-Jones (hereinafter "Lee-Jones"), CO Dial, (hereinafter "Dial"), CO Crawford (hereinafter "Crawford"), and CO Latrina Payne (hereinafter "Payne"), were employed by Defendants Birmingham, and Thurmond as corrections officers at the Birmingham city jail facility responsible for the care, custody, and control of inmates at all relevant times. Defendants Lee-Jones, Dial, Crawford, and Payne among other things, have a statutory duty under Alabama law and federal law to keep inmates safe and secure, and to provide emergency medical and hospitalization to inmates in custody at the Birmingham city jail. They are sued in their individual capacities.

7.     Defendant, Corporate Medical Provider. (hereinafter "CMP"), is an Alabama for profit business entity organized and existing under the laws of Alabama with its principal place of business was continuously and systematically doing business in Alabama at all times material hereto as a health care provider under contract with Birmingham, Woodfin, and Thurmand to provide health care services to individuals incarcerated at the Birmingham city jail, including but not limited to providing emergency medical and hospitalization to said individuals suffering from a serious medical need.

8.    Defendants Jail Physician (hereinafter "Jail Physician") at all times material hereto, was an agent, servant, and employee of Corporate Medical Provider under contract to provide health care services to individuals incarcerated at the Birmingham city jail, including but not limited to providing emergency medical and hospitalization to said individuals suffering from a serious medical need.  Defendant Jail Physician is sued in their individual capacity.

9.    Defendants LPN Debora Oden (hereinafter "LPN Oden") and NP-BC (hereinafter "NP-BC") at all times material hereto were agents, servants, and employees of Corporate Medical Provider under contract to provide health care services to individuals incarcerated at the Birmingham city jail, including but not limited to providing emergency medical and hospitalization to said individuals suffering from a serious medical need. They are sued in their individual capacities.

## Jurisdiction and Venue

10.    This action arises under the Eight and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983 (hereinafter "Section 1983") and state law. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1343.

11.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) given that a substantial part of the events giving rise to the Plaintiff's claims occurred in this judicial district.

**Statement of Facts**

12.    On or about December 12, 2022, Ms. Kimberly was arrested for DUI after being involved in a motor vehicle accident.

13.    She was taken to UAB emergency room for evaluation and upon discharge she and the arresting police officer were given strict instructions to return to the emergency room if symptoms developed.

14.    The Birmingham city jail records reflect that Ms. Kimberly was then booked into Birmingham city jail at as a pretrial detainee and reported cough, sore throat, and shortness of breath during medical screening. According to the medical records provided by the defendants, she was given a rapid Covid-19 test, which was positive, and immediately placed in isolation for seven days. She was prescribed no medications for her Covid-19 infection and symptoms by any of the medical defendants CMP, Jail Physician, LPN Oden, or NP-BC.

15.    Defendants Birmingham, Woodfin, Thurmond and others under their supervision, including agents, servants, and contractors, such as defendants CMP, Jail Physician, LPN Oden, or NP-BC  were responsible for the care and treatment of Ms. Kimberly, including obtaining emergency medical treatment for serious medical need, while she was incarcerated in the Birmingham city jail from December 12, 2022 up until and including the time of her death on or about December 22, 2022.

16.     Jail records indicate that, except for at temperature check on each shift, Ms. Kimberly was not seen again by a nurse until December 20, 2022 when she tested negative for Covid-19, and her solitary confinement was discontinued.

17.     The day after her negative Covid test, Ms. Kimberly was only then given four medications, to wit: "Prednisone 20 mg daily x 5 days- 1st dose now, Zyrtec 10 mg daily- 1st dose now, Azithromax 500 mg x 4 days- 1st dose now, Ibuprofen 600 mg twice daily x 5 days- 1st dose now" for a life threatening upper respiratory infection, diagnosed only as a "congestion" by defendant NP-BC. There was any follow-up by either defendant LPN Oden, defendant NP-BC, or defendant Jail Physician, or any of the above-named defendant correction officers.

18.     The jail medical records also reflect that no type of medical upper respiratory monitoring or assessment such as lung sounds, respiratory rate, cough, or phlegm production were taken by said medical personnel nor monitoring and assessment for symptom improvement, symptom worsening, or drug reactions taken by said medical personnel during the first 24 hours.

19.     From December 13 through December 22 Ms. Kimberly 's health deteriorated while she was incarcerated in the Birmingham city jail until she became gravely ill and in serious medical need of emergency treatment to save her life, but the above-named defendants were deliberately indifferent to Ms. Kimberly's serious medical needs by their delay and denial emergency medical

treatment, and she died on or about December 22, 2022. In fact, the above-named jail corrections officers and medical personnel didn't call for emergency medical assistance for Mrs. Kimberly until several hours after her death when rigor mortis had set up in her face and extremities.

20.    On the morning of December 22, 2022, Ms. Kimberly's medical condition was so life threatening and she was in such a serious need of emergency hospitalization that her death was imminent if she didn't receive it, but the above named defendants, Birmingham, Woodfin, Thurmond, to save money had drastically cut lifesaving costs at the Birmingham city jail such as staffing, medical personnel, and emergency hospitalization, which directly contributed and caused the delay and denied of emergency medical treatment until her death occurred some several hours before she was discovered.

21.    On December 21st, Ms. Kimberly 's condition became graver overnight in her cell, but it was not until the next day, some 24 hours later that it is claimed by said defendants that Ms. Kimberly was found by the above said defendants unresponsive when in fact, rigor mortis had already set in on her face and extremities.

22.    Plaintiff is informed and believes that Ms. Kimberly was so sick and in serious need of emergency medical treatment on the morning of December 22 that she was unable to walk without assistance, but the above-named defendants

were deliberately indifferent to her serious medical needs and delayed and denied said emergency treatment until several hours after her death.

23.    Plaintiff is informed and believed that the above-named defendant correction officers and medical staff on duty at the time never started CPR or resuscitative efforts on Mrs. Kimberly upon finding her "unresponsive" in her jail cell.

24.    Neither an immediate nor proper medical assistance and emergency transfer to a hospital took place for Ms. Kimberly during her physical health emergency at Birmingham city jail due to Birmingham, Woodfin, and Thurmond's underfunding of the police department and the jail which led to understaffing of correction officers and medical staff and life saving emergency hospitalization for inmates such as Mrs. Kimberly suffering from a serious medical need of said hospitalization and treatment.

25.    Having inadequately or underfunded the Birmingham city jail sufficiently to provide for adequate medical care of inmates, but more so to sufficiently provide for the serious medical needs of the inmates needing emergency medical care, Birmingham, Woodfin, and Thurmond's actions through their contractors, CMP, Jail Physician, LPN Oden, and NP-BC Quality Corrective are causally connected to and directly responsible for the inadequate and below community standard medical care of inmates at the  Birmingham city jail.

26.    Plaintiff is informed and believes that defendants Birmingham, Woodfin, Thurmond and defendants CMP and Jail Physician and their agents, servants and employees named above at the Birmingham city jail manage medical treatment of inmates with the goal of reducing costs incurred for inmate emergency care and treatment rather than providing adequate inmate care.

27.    Birmingham, Woodfin, Thurmond, CMP, and Jail Physician's unwritten agreement to reduce costs at the Birmingham city jail resulted in the delay and denial of emergency medical treatment for inmates at the Birmingham city jail, including Ms. Kimberly, which ultimately led to the death of Ms. Kimberly.

28.    Plaintiff is informed of and believes defendants Thurmond, Alexander, and DJC's unwritten policy and training to corrections officers Lee-Jones, Dial, Crawford, and Payne and other jail employees was to avoid emergency hospitalization costs of inmates needing immediate hospitalization and treatment by delaying or denying emergency treatment to inmates such as Mrs. Kimberly, suffering Covid-19 and complications caused by Covid-19, Flus, Colds, and other viruses including those inmates whose chronic conditions of smoking and alcoholism, like Mrs. Kimberly, worsen the symptoms of said diseases leading to life threatening conditions.

29.    Plaintiff is informed of and believes that saving costs of emergency medical hospitalization and treatment for Ms. Kimberly was the over-riding concern for the named defendants including Birmingham, Woodfin, Thurmond, Alexander, and DJC in their delay and denial of getting Ms. Kimberly emergency medical treatment and their deliberate indifference to her serious medical needs.

30.    From December 13th through December 22, 2022, the named defendants themselves, or by and through their agents, servants, and employees under their supervision and direction, including CMP, Jail Physician, LPN Oden, and NP-BC knew that Ms. Kimberly was gravely ill and was in serious medical need of need of emergency medical care but were deliberately indifferent to that need by delaying and denying said emergency hospitalization and treatment to her ultimately leading to her death.

## General Allegations

31.    Defendants, at all times material hereto, either personally or through an agent or representative:

    a.    acted negligently and/or wantonly regarding Ms. Kimberly 's serious medical needs including the training of jail and medical staff.

    b.    acted with deliberate indifference to Ms. Kimberly's serious medical needs in violation of 42 U.S.C. § 1983 including the training of jail and medical staff.

c.  acted with deliberate indifference to Ms. Kimberly 's health and safety in violation of 42 U.S.C. § 1983 including the training of jail and medical staff.

d.  acted negligently and/or wantonly by violating known policies and procedures regarding the care and treatment of prisoners, especially monitoring, and managing chronic illnesses including the training of jail and medical staff.

e.  acted negligently and/or wantonly by delaying and denying life-saving emergency medical treatment including the training of jail and medical staff.

f.  acted negligently and/or wantonly by breaching the standard of care for healthcare providers at facilities such as the Birmingham city jail including the training of jail and medical staff.

g.  acted with deliberate indifference to Ms. Kimberly's constitutional rights to be free from cruel and unusual punishment including the training of jail and medical staff.

h.  acted with negligent and/or wanton disregard for Ms. Kimberly's constitutional rights to be free from cruel and unusual punishment including the training of jail and medical staff

32.  As a direct and proximate cause of Defendants' tortious, negligent, and/or wanton conduct, Ms. Kimberly died in custody.

**Count I – Violation of Fourteenth Amendments**
**42 U.S.C. § 1983**
**Deliberate Indifference to Serious Medical Needs**

33.  Plaintiff brings this count pursuant to 42 U.S.C. § 1983, *et seq.* for violations of Ms. Kimberly's clearly established constitutional right to receive

adequate medical care and treatment while in custody provided by the Fourteenth Amendment of the United States Constitution.

## Lee-Jones, Dial, Crawford, and Payne

34.    Defendants Lee-Jones, Dial, Crawford, and Payne acting under the color of state law, within the meaning prescribed by 42 U.S.C. § 1983, were deliberately indifferent to Mrs. Kimberly's serious medical needs in that they had knowledge of an urgent medical condition that would be exacerbated by delay and refusal, yet unreasonably, unjustifiably and with deliberate indifference delayed and refused obtaining the medical treatment which Mrs. Kimberly desperately needed.

35.    Defendants Lee-Jones, Dial, Crawford, and Payne acting under the color of state law, within the meaning prescribed by 42 U.S.C. § 1983, were deliberately indifferent to Mrs. Kimberly's serious medical needs in that they had knowledge of a serious medical condition but failed and refused to obtain medical treatment for Mrs. Kimberly and failed to provide necessary medication.

36.    It is clearly established law that a jail official violates an inmate's Fourteenth Amendment right to receive adequate medical treatment while in custody if he or she acts with deliberate indifference to the serious and/ or urgent medical needs of an inmate in pretrial confinement. An abundance of prior case law made it clear that an official acts with deliberate indifference when he or she

knows that a prisoner is in serious need of medical care but fails and refuses to obtain medical treatment for the detainee. The case law also had clearly established before this case arose that an official acts with deliberate indifference when he or she intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay. In this case, Mrs. Kimberly's had a history of alcoholism and Covid infection which said defendants were notice and knowledge of.

37.     As a direct and proximate result of Defendants Lee-Jones, Dial, Crawford, and Payne's actions, Mrs. Kimberly experienced extreme pain and suffering which ultimately led to her death.

## **Birmingham and Woodfin**

38.     Defendants Birmingham and Woodfin acting under color of state law within the meaning prescribed by 42 U.S.C. § 1983, inadequately or underfunded the Birmingham police department and the city jail resulting in pre-trial detainees and inmates, such as Ms. Kimberly in custody at the jail, receiving less than or inadequate medical care than that common in the community, including emergency medical care for serious medical needs.

39.     The decision by Birmingham and Woodfin was pursuant to a long-standing practice of inadequately or underfunding the Birmingham police

department and city jail. The inadequate funding caused medical treatment of the inmates at the jail to be delayed or denied including emergency medical treatment to inmates, like Ms. Kimberly, with serious medical needs such as Ms. Kimberly went untreated to avoid incurring charges for said treatment. The unwritten policy and practice to avoid emergency medical costs was the moving force behind said delay and denial of emergency medical treatment for Ms. Kimberly 's delay and denial of serious medical needs from December 13, 2022, until December 22, 2022, and the violation of Ms. Kimberly 's clearly established rights under the Fourteenth Amendment to the U.S. Constitution.

40.    Birmingham and Woodfin Elmore were deliberately indifferent to Ms. Kimberly 's serious medical needs as an inmate at the jail as a result of their policy and custom of inadequately funding the Birmingham city jail resulting in the delay or denial of proper monitoring, medications, and medical care being received by Ms. Kimberly at the  Birmingham  city jail which violated Ms. Kimberly 's clearly established rights to adequate medical treatment while in custody under the Fourteenth Amendment of the U. S. Constitution.

41.    As a result of Birmingham and Woodfin's deliberate indifference to Ms. Kimberly 's serious medical needs as an inmate at the Birmingham city jail, Ms. Kimberly experienced severe pain, suffering, and death thereby depriving Ms.

Kimberly of her clearly established rights under the Fourteenth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983.

### Thurmond, Alexander and DJC

42.    Defendants Thurmond, Alexander, and DJC, as policy makers for the Birmingham city jail, and acting under color of state law within the meaning prescribed by 42 U.S.C. § 1983, were deliberately indifferent to Ms. Kimberly 's, serious medical needs in that they had knowledge of Ms. Kimberly 's physical health condition requiring emergency medical treatment but violated their own written jail policies and procedures authorizing emergency medical treatment for inmates with serious medical needs by understaffing of jail and medical personnel, and authorizing the delay or denial of emergency medical treatment for inmates including Ms. Kimberly in accordance with their unwritten policy and deal with CMP to manage and cut expensive medical and hospital costs incurred on behalf of inmates at the jail.

43.    The decision by Thurmond, Alexander, and DJC to understaff jail and medical personnel and authorize the delay and denial of expensive emergency medical treatment for Ms. Kimberly 's serious medical condition was pursuant to a long standing unwritten policy and practice to avoid expensive and budget absorbing costs of jail and medical staffing and emergency hospitalization and treatment of inmates at the Birmingham city jail by delaying or denying emergency

medical treatment to inmates, like Ms. Kimberly, with serious medical needs in order to avoid incurring charges for said treatment.

46.     The unwritten policy and practice to understaff jail and medical personnel and avoid emergency medical costs was the moving force behind said delay and denial of emergency medical treatment for Ms. Kimberly's serious medical needs from December 13, 2022, until December 22, 2022, and the violation of Ms. Kimberly 's rights under the Fourteenth Amendment to the U.S. Constitution.

47.     As a result of Thurmond, Alexander, and DJC's deliberate indifference to Ms. Kimberly 's serious medical needs for emergency treatment Ms. Kimberly experienced severe pain, suffering, and death thereby depriving Ms. Kimberly of his clearly established rights to adequate medical treatment while in custody under the Fourteenth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983.

48.     The delay and/or denial of emergency medical treatment to Ms. Kimberly for the above-described chronic medical conditions is directly attributable to Thurmond, Alexander, and DJC's unwritten and long-standing policy of to cut costs and medical expenses at the Birmingham city jail.

## CMP, Jail Physician, LPN Oden, and NP-BC

49.    Defendants CMP and its agents, servants, or employees Jail Physician, LPN Oden, and NP-BC were under contract with defendant Birmingham, Woodfin, and Thurmond to provide medical treatment to inmates at the Birmingham city jail , and acting under color of state law within the meaning prescribed by 42 U.S.C. § 1983, were deliberately indifferent to Ms. Kimberly 's serious medical needs in that they had knowledge of Ms. Kimberly 's physical health condition requiring emergency medical treatment but violated their own protocols and procedures authorizing emergency medical treatment for inmates with serious medical needs such as Ms. Kimberly  by delaying or denying emergency medical treatment for her in accordance with the unwritten policy and deal between CMP, Birmingham, Woodfin and Thurmond to avoid expensive medical and hospital costs incurred on behalf of inmates at the jail.

50.    The decision by CMP, and its agents, servants, or employees Jail Physician, LPN Oden, and NP-BC to delay and deny expensive emergency medical treatment for Ms. Kimberly 's serious medical condition was pursuant to a long standing unwritten policy and practice to avoid costs of medical treatment at the Birmingham city jail  by delaying or denying medical treatment to inmates, like Ms. Kimberly, with serious medical needs in order to avoid incurring expensive hospitalization charges for said treatment. The unwritten policy and practice to

avoid emergency medical costs was the moving force behind said delay and denial of emergency medical treatment for Ms. Kimberly 's serious medical needs from December 13, 2022, until December 22, 2022 and the violation of Ms. Kimberly 's rights under the Fourteenth Amendment to the U.S. Constitution.

51.     As a result of CMP, and its agents, servants, or employees Jail Physician, LPN Oden, and NP-BC, deliberate indifference to Ms. Kimberly 's serious medical needs for emergency treatment Ms. Kimberly experienced severe pain and suffering from December 13, 2022, until December 22, 2022 when Ms. Kimberly died in custody, thereby depriving Ms. Kimberly of her clearly established rights as a prisoner under the Eighth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983.

52.     The delay and/or denial of emergency medical treatment to Ms. Kimberly for the above-described serious conditions is directly attributable to CMP, and its agents, servants, or employees Jail Physician, LPN Oden, and NP-BC's unwritten policy to avoid medical costs and expenses at the Birmingham city jail.

## Count II – Violation of Fourteenth Amendment

### 42 U.S.C. § 1983
### Deliberate Indifference to Health and Safety

53.     Defendants Birmingham, Woodfin, Thurmond, Alexander, DJC,  and CMP, and its agents, servants, or employees Jail Physician, LPN Oden, and NP-BC, acting under color of state law within the meaning prescribed by 42 U.S.C. § 1983, were deliberately indifferent to Ms. Kimberly 's, health and safety while incarcerated and serving time in the Birmingham city jail including both her serious medical needs and the conditions of his confinement from December 13, 2022, until December 22, 2022.

### Birmingham and Woodfin

54.     Defendants Birmingham and Woodfin acting under color of state law within the meaning prescribed by 42 U.S.C. § 1983, inadequately or underfunded the Birmingham city jail resulting in pre-trial detainees and inmates, such as Ms. Kimberly in custody in the jail, receiving less than or inadequate medical care than that common in the community, including emergency medical care for serious medical needs.

55.     Defendants Birmingham and Woodfin knew or had reason to know that provision of medical services such as monitoring of and administering proper medication to chronically ill inmates, such as Ms. Kimberly, suffered at the Birmingham city jail  when monitoring, medical care, medication, for inmates such

as Ms. Kimberly were delayed or denied as a result of its policy and custom of inadequately or underfunding the jail for the provision of medical services created dangerous conditions for inmates with chronic medical conditions such as Ms. Kimberly, who needed proper medications and constant monitoring and/or emergency medical care.

56.    Defendants Birmingham and Woodfin was deliberately indifferent to the health and safety of Ms. Kimberly at the jail. The inadequate monitoring, medication, and medical care received by Ms. Kimberly at the Birmingham city jail violated Ms. Kimberly 's clearly established rights as a detainee to receive adequate medical care while in custody established under the Fourteenth Amendment of the U. S. Constitution.

57.    As a result of the Defendants Birmingham and Woodin's deliberate indifference to Ms. Kimberly 's health and safety at the Birmingham city jail, Ms. Kimberly  experienced severe pain, suffering from the delay and denial of proper medication, monitoring and medical treatment to adequately treat her chronic medical condition from December 13, 2022, until December 22, 2022, thereby depriving Ms. Kimberly of her clearly established rights as a detainee to receive adequate medical care while in custody under the Fourteenth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983.

58.    The decision of Defendants Birmingham and Woodin to inadequately fund the Birmingham city jail  was pursuant to a long standing policy to underfund or inadequately fund the Birmingham police department and its city jail which led to poor jail conditions, understaffing of jail and medical personnel, and inadequate health and safety conditions at the jail caused by poor medical screening of inmates admitted to the jail, inadequate jailer training, allowing untrained and/or poorly trained corrections officers to make decisions regarding medical treatment, and denying and delaying necessary medical care to inmates, such as Ms. Kimberly with chronic and/or with serious medical needs, in order to avoid incurring expensive hospitalization and medical expenses and charges for said medical treatment.

59.    As a result of Defendants Birmingham and Woodin's inadequate funding of the Birmingham city jail, Ms. Kimberly did not receive proper monitoring, medication, or emergency medical treatment for her chronic conditions, and her condition deteriorated to such a degree that Ms. Kimberly experienced severe pain and suffering from December 13, 2022, until December 22, 2022, and her eventual death.

60.    The denial of adequate medicine and monitoring of Ms. Kimberly 's above-described chronic medical conditions are directly attributable and casually

connected to Defendants Birmingham and Woodfin's long standing policy of inadequately funding the Birmingham police department and its jail.

61.    As a proximate result of said inadequate funding, thereby Ms. Kimberly was deprived of her clearly established rights as a detainee to adequate emergency medical treatment under the Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983.

**Thurmond, Alexander, DJC**

62.    Defendants Thurmond, Alexander, and DJC, acting under color of state law within the meaning prescribed by 42 U.S.C. § 1983, were deliberately indifferent to Ms. Kimberly 's, health and safety, including both her serious medical needs and the conditions of her confinement, in that they and/or the staffs under their supervision, knew or should have known Ms. Kimberly's chronic medical condition would deteriorate as a result of the understaffing of jail and medical personnel but failed to adequately staff jail and medical personnel to monitor her conditions, administer proper medication, or provide for emergency medical care and delayed and/or refused said actions until Ms. Kimberly 's health deteriorated from December 13, 2022, until December 22, 2022, when her condition became life threatening.

63.    The decisions of Defendants Thurmond, Alexander, and DJC to delay or deny Ms. Kimberly adequate medicine to manage her chronic medical

conditions of coughing, sore throat, and shortness of breath due to complications of

Covid-19 were pursuant to an unwritten policy of underfunding and understaffing

of jail and medical personnel, and delay or deny inmates such as Ms. Kimberly

adequate medical care by avoiding medical and hospital treatment expenses at the

Birmingham city jail, in violation of their own written policies and procedures.

64.    Defendants Thurmond, Alexander, and DJC's unwritten policy

included inadequate medical screening of inmates admitted to the jail, inadequate

jailer training, allowing untrained and/or poorly trained corrections officers or

jailers to make decisions regarding medical treatment, and denying and delaying

necessary medical care to pretrial detainees and inmates with serious medical

needs to avoid incurring charges for said medical treatment.

65.    As a result of these defendants' decisions to delay and/or deny

adequate medicine and monitoring of Ms. Kimberly 's above-described chronic

medical conditions, Ms. Kimberly experienced severe pain, suffering and eventual

death, thereby depriving Ms. Kimberly of her clearly established rights as a pretrial

detainee in custody to receive adequate medical care under the Fourteenth

Amendment to the Constitution of the United States in violation of 42 U.S.C. §

1983.

66.    The unwritten policy and practice to avoid emergency medical costs

was the moving force behind said delay and denial of emergency medical

treatment for Ms. Kimberly 's serious medical needs from December 13, 2022,

until December 22, 2022, and the violation of Ms. Kimberly 's rights under the

Fourteenth Amendment to the U.S. Constitution.

### CMP, Jail Physician, LPN Oden, and NP-BC

67.     Defendants CMP and its agents, servants, or employees Jail Physician,

LPN Oden, and NP-BC, acting under color of state law within the meaning

prescribed by 42 U.S.C. § 1983, were deliberately indifferent to Ms. Kimberly's,

health and safety, including both his serious medical needs and the conditions of

his confinement, in that they and/or the staffs under their supervision failed to

properly monitor her chronic Covid condition, administer proper medication, and

provide lifesaving emergency medical care.

68.     Said defendants knew of Ms. Kimberly 's chronic conditions, need for

monitoring and proper medications for these conditions, and need for emergency

medical care but delayed and denied said treatment to Ms. Kimberly 's clearly

established rights under the Eighth under the U.S. Constitution

69.     The decision by Defendants CMP and its agents, servants, or

employees Jail Physician, LPN Oden, and NP-BC to delay and deny expensive

emergency medical treatment for Ms. Kimberly 's serious medical condition was

pursuant and directly attributable to a long standing unwritten policy at the

Birmingham city jail to underfund medical staffing, avoid costs of expensive

medical treatment by delaying or denying said emergency hospitalization and medical treatment to inmates like Ms. Kimberly, with chronic and serious medical needs.  The unwritten policy and practice to avoid emergency medical costs was the moving force behind said delay and denial of emergency medical treatment for Ms. Kimberly 's serious medical needs from December 13, 2022, until December 22, 2022, and the violation of Ms. Kimberly 's clearly established rights under the Fourteenth Amendment to the U.S. Constitution by Defendants CMP and its agents, servants, or employees Jail Physician, LPN Oden, and NP-BC.

70.    As a result of Defendants CMP and its agents, servants, or employees Jail Physician, LPN Oden, and NP-BC deliberate indifference to Ms. Kimberly 's health and safety Ms. Kimberly experienced severe pain and suffering from December 13, 2022, until December 22, 2022.

71.    The delay and/or denial of emergency medical treatment to Ms. Kimberly for the above-described serious conditions is directly attributable to Defendants CMP and its agents, servants, or employees Jail Physician, LPN Oden, and NP-BC, Thurmond, Alexander, and DJC's unwritten policy to reduce costs at the Birmingham city jail by underfunding medical staff, and avoiding expensive emergency hospitalization and medical treatment for inmates like Mrs. Kimberly suffering chronic conditions with a serious medical need for said emergency

hospitalization and medical treatment thereby avoiding the costs and expenses of said treatment.

72.    The decisions of these individual defendants to delay or deny Ms. Kimberly adequate medical treatment to manage her chronic Covid symptoms were pursuant to one or more policies or customs at the Birmingham city jail. These policies and customs included inadequate medical screening of inmates admitted to the jail, inadequate medical staff training, allowing untrained and/or poorly trained medical staff to make decisions regarding medical treatment, and denying and delaying necessary medical care to pretrial detainees and prisoners with serious medical needs to avoid incurring charges for said medical treatment.

73.    As a result of these defendants' decisions to delay and/or deny adequate medicine and monitoring of Ms. Kimberly 's above-described chronic medical conditions, Ms. Kimberly experienced severe pain, suffering and eventual death, thereby depriving Ms. Kimberly of her clearly established rights as a pretrial detainee to receive adequate medical treatment under Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983.

74.    The unwritten policy and practice to avoid emergency medical costs was the moving force behind these defendants' deliberate indifference to Ms. Kimberly 's health and safety and delay and denial of emergency medical treatment for Ms. Kimberly 's serious medical needs from December 13, 2022,

until December 22, 2022 and the violations of Ms. Kimberly 's rights under the Fourteenth Amendment to the U.S. Constitution.

## Count III – State Law Negligence and Wantonness

75.     Defendants Lee-Jones, Dial, Crawford, and Payne, CMP and its agents, servants, or employees Jail Physician, LPN Oden, and NP-BC, had a duty to secure and provide medical treatment for Ms. Kimberly while under their care, custody and/or control.

## Dial, Payne, Crawford

76.     Defendants Lee-Jones, Dial, Crawford, and Payne breached their duty by negligently and/or wantonly failing and refusing to secure and provide proper medication, monitoring, and emergency medical care treatment for Ms. Kimberly when she became gravely ill.

77.     As a direct and proximate result of the Defendants Lee-Jones, Dial, Crawford, and Payne's actions and omissions, Ms. Kimberly suffered extreme pain which ultimately led to her death on December 22, 2022.

## CMP, Jail Physician, LPN Oden, and NP-BC

78.     Defendants CMP and its agents, servants, or employees Jail Physician, LPN Oden, and NP-BC breached their duty by negligently and/or wantonly failing and refusing to secure and provide proper medication, monitoring, and emergency

medical care treatment for Ms. Kimberly when she became gravely ill and in serious medical need of emergency hospitalization and treatment.

79.    As a direct and proximate result of the Defendants CMP and its agents, servants, or employees Jail Physician, LPN Oden, and NP-BC actions and omissions, Ms. Kimberly suffered extreme pain which ultimately led to her death on. December 22, 2022

## Count IV – State Law Wrongful Death

80.    Defendants Birmingham, Woodfin, Thurmond, Alexander, DJC, CMP, LPN Oden, and NP-BC, separately and severally, caused the wrongful death of Ms. Kimberly, as contemplated by Alabama Code § 6-5-410.

81.    Said Defendants, separately and severally, owed a duty to Ms. Kimberly to provide her with a standard of medical care of the degree of diligence and skill common in the community and applicable to inmates such as Ms. Kimberly experiencing the effects of chronic symptoms of covid disease complicated by her history of alcoholism and smoking, and other medical conditions, to make sure jail and medical staffs were trained adequately regarding the proper care of such patients and that adequate policies and procedures, and medical protocols regarding the proper care of such patients were in place but more importantly being followed.

82.    This standard of care applicable to all said defendants required, among other things, Ms. Kimberly 's condition to be closely monitored under physician supervision, that adequate medications be administered to Ms. Kimberly and that referral of Ms. Kimberly for emergency medical or other appropriate treatment be authorized and ordered once her condition became life threatening, including having adequate medications available and professionally trained personnel properly on hand to closely monitor once her condition deteriorated.

## Birmingham and Woodfin

83.    Defendant Birmingham and Woodfin's inadequate funding of the Birmingham city jail  had the foreseeable result that the standard of care for healthcare providers would be breached at the Birmingham city jail, and in doing so violated their statutory duty under Alabama law to attend to the medical needs of pretrial detainees and prisoners in care, custody, and control of the Birmingham city jail  resulting in inadequate and substandard medical care such as failure to train jail and medical staffs, failing to take proper a medical history from Ms. Kimberly, failing to closely monitor Ms. Kimberly's deteriorating conditions, failing to administer proper medications for Ms. Kimberly's chronic conditions, delaying and denying emergency medical care common in the community to Ms. Kimberly after her condition became gravely ill and life threatening on or about

December 22, 2022 when she was in need of emergency hospitalization and medical treatment which ultimately led to her death.

84.     Defendants Birmingham and Woodfin's negligent and/or wanton inadequate funding of the Birmingham city jail was the moving force behind the breaches in duty of care owed to Ms. Kimberly by jail and medical staffs and was the proximate cause of her death on or about December 22, 2022, a foreseeable result of said defendants Birmingham and Woodfin's negligent and/or wanton inadequate funding of the Birmingham city jail,

### **Thurmond, Alexander, DJC, Lee-Jones, Dial, Payne, and Crawford**

85.     Defendants Thurmond, Alexander, DJC, Lee-Jones, Dial, Crawford and Payne specifically violated the standard of care for healthcare providers breached their duty of care, violated state and federal law, and their own policies and procedures, and in doing violated their statutory duty under Alabama law to attend to the medical needs of pretrial detainee Mrs. Kimberly in care, custody, and control of the  Birmingham city jail by failing to train jail and medical staffs, failing to take proper a medical history from Ms. Kimberly, failing to monitor Ms. Kimberly's chronic conditions, failing to administer proper medications for Ms. Kimberly's chronic conditions, delaying and denying emergency medical care common in the community to Ms. Kimberly after her condition became life

threatening and she became gravely ill on or before December 22 and in need of emergency medical attention.

86.    Said Defendants' negligent and/or wanton violation of the duties of care owed to Ms. Kimberly proximately caused her death on or about December 22, 2022, a foreseeable result of said defendants Thurmond, Alexander, DJC, Lee-Jones, Dial, Payne, and Crawford's negligent and/or wanton conduct.

### **CMP, Jail Physician, LPN Oden, and NP-BC**

87.    Defendants CMP and its agents, servants, or employees Jail Physician, LPN Oden, and NP-BC, violated standard of care for healthcare providers and or breached or violated their duty of care, and violated their own protocols, and in so doing failed to attend to the medical needs of Ms. Kimberly in the care, custody, and control of the Birmingham city jail by failing to train jail and medical staffs, failing to take proper a medical history from Ms. Kimberly, failing to properly monitor Ms. Kimberly 's chronic conditions, failing to administer and monitor proper medications for Ms. Kimberly 's chronic conditions, delaying and denying emergency medical care common in the community to Ms. Kimberly after her condition became life threatening and she became gravely ill on or before December 21, 2022  and in need of emergency medical attention.

88.    Said Defendants' negligent and/or wanton violation of the duties of care owed to Ms. Kimberly proximately caused her death on or about December

22, 2022, a foreseeable result of said defendants' and their agents, servants, and

employees negligent and/or wanton conduct.

## **RELIEF SOUGHT**

89.    As relief, Plaintiff requests judgment be entered on the following:

a.    That he be awarded such compensatory damages as a jury shall determine from the evidence he is entitled to recover.

b.    That he be awarded such punitive damages as a jury shall determine from the evidence he is entitled to recover.

c.    That he be awarded prejudgment and post judgment interest at the highest rates allowed by law.

d.    That he be awarded all costs and expenses of this action and reasonable attorney's fees for his attorney.

e.    That he be awarded such other and further relief to which he is justly entitled.


Dated: December 20, 2024                    Respectfully submitted,

                                            */s/Anthony Piazza*
                                            *Attorney for the Plaintiff*

ANTHONY PIAZZA, P.C.
P. O. Box 550217
Birmingham, AL  35255
Phone (205) 617-6211
Email: anthonypiazza0326@hotmail.com


**Serve Defendants at the following addresses:**

City of Birmingham, Alabama
c/o City Clerk

Birmingham City Hall
710 Twentieth Street No.
Birmingham, AL 35203

Mayor Randall Woodfin
Birmingham City Hall
710 Twentieth Street No.
Birmingham, AL 35203

Chief Scott R. Thurmond
Birmingham Police Department
710 1st Avenue North
Birmingham, AL 35203

Frank Alexander, II, Jail
Commander
Birmingham City Jail
425 6th Avenue South,
Birmingham, AL 35205

Deputy Jail Commander
Birmingham City Jail
425 6th Avenue South,
Birmingham, AL 35205

SGT Stacey Lee-Jones
Birmingham City Jail
425 6th Avenue South,
Birmingham, AL 35205

CO Latrina Payne
Birmingham City Jail
425 6th Avenue South,
Birmingham, AL 35205

CO Crawford
Birmingham City Jail
425 6th Avenue South,
Birmingham, AL 35205

CO Dial
Birmingham City Jail
425 6th Avenue South,
Birmingham, AL 35205

LPN Debora Oden
Birmingham City Jail
425 6th Avenue South,
Birmingham, AL 35205